**In the Matter of CUSTOM MILLWORK, INC., Debtor.**

**Bankruptcy No. 82–00403.**

United States Bankruptcy Court, D. Hawaii.

Aug. 10, 1983.

Howard Y. Tanaka, Honolulu, Hawaii, for debtor.

Joseph Kinoshita, Ashley K. Ikeda, Honolulu, Hawaii, for creditor.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On July 20, 1982, the Creditors, Trustees for the Hawaii Carpenters' Health and Welfare Trust Fund, filed an involuntary petition for relief under Chapter 7 against the Debtor, Custom Millwork, Inc. On August 16, 1982, the case was converted from a Chapter 7 to a Chapter 11 proceeding. On December 3, 1982, the Creditors, the Petitioners herein, filed a request for the payment of administrative expenses, seeking a total of $2,441.76. In particular, the Creditors sought $1,644.80 in employee benefit contributions, $249.41 in liquidated damages, $473.55 in attorney's fees, and $74.00 in court costs and expenses, incurred by Joseph Kinoshita, attorney for the Creditors, in pursuing this claim.

On December 17, 1982, the Creditors' request for administrative expenses was heard before this Court with Howard Tanaka representing Debtor and Ashley Ikeda of the law offices of Joseph Kinoshita representing the Creditors. The Court ordered the Debtor to pay all post petition employee benefit contributions and attorney's fees within ten days and requested the parties to submit memoranda by January 7, 1983 on the issues of liquidated damages and court costs and expenses of Joseph Kinoshita, attorney for the Creditors. On January 14, 1983, the Debtor filed "Debtor's Memorandum Re: Liquidated Damages vs. Penalty" and the Creditors filed a "Memorandum in Support of Request for Payment of Administrative Expenses." The Court, having considered the Memoranda, the records herein and the argument of counsel, makes the following Findings of Fact, Conclusions of Law and Order.

## FINDINGS OF FACT

1. Pursuant to the collective bargaining agreement between the Debtor and the United Brotherhood of Carpenters' and Joiners of America, Local 745, AFL–CIO, the Creditors are authorized to collect employee benefit contributions, which are calculated upon the hours worked by the Debtor's employees.

2. The administrative expenses requested by the Creditors accrued after the filing of the Chapter 7 involuntary petition and after the filing of the order converting the case from Chapter 7 to Chapter 11.

3. The Creditors contend that pursuant to 11 U.S.C. §§ 303(f), 502(f), 503(b)(1)(A) and 507(a)(2) the administrative expenses are necessary to the preservation of the Debtor's estate. If employee benefit contributions, attorneys fees, liquidated damages and other costs had not been paid as required by the collective bargaining agreement, the Creditors allege that the Debtor would have been unable or less able to continue doing business.

4. At the December 17, 1983 hearing, the Debtor argued that the liquidated damages clause in the collective bargaining agreement was actually a penalty and therefore unenforceable and the $74.00 requested by Joseph Kinoshita, attorney for the Creditors, was not an expense or cost actual or necessary to the preservation of Debtor's estate.

5. This Court must determine 1) whether the liquidated damages clause is actually a penalty and therefore void; and 2) whether the expenses of Joseph Kinoshita, attorney for the Creditors, should be allowed.

6. The "liquidated damages" clause in the collective bargaining agreement is described in a November 8, 1982 letter from the Creditors, which states, in pertinent part:

Mill Cabinet Contractors are required to make payment for Trust Fund contributions by the 20th day of the month immediately following the month for which the contributions are due. (All payments

have to be paid or postmarked and mailed by the 20th day.) If payments are not made by the 20th day then they become delinquent and liquidated damages are assessed against the contractor. Liquidated damages will amount to *10% of the delinquent and unpaid contributions due to each fund (or $20.00, whichever is greater) for each monthly contribution that is delinquent.*

7. HRS 490:2–718(1) defines liquidation or limitation of damages as follows:

Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

The Comments to the Official Text of HRS 490:2–718(1) state that:

Under subsection (1), liquidated damage clauses are allowed where the amount involved is reasonable in the light of the circumstances of the case.

8. Debtor argues that the "liquidated damages" clause is a penalty and that the Creditors' demands for payment should be rendered unenforceable. The Debtor contends that the amount stated as liquidated damages is an unreasonable estimation of the presumed injury which might occur as a result of a breach. The thrust of the Debtor's argument is that the alternative provision for damages of either 10% of the employee contribution benefits or $20.00, whichever is greater, is unreasonable when the liquidated damages are only necessary to cover the additional costs of handling delinquent payments. According to the Debtor, the fee for handling delinquent payments should be the same or nearly the same regardless of the amount that is being assessed for the breach. The "liquidated damages" provision in the collective bargaining agreement, however, results in fluctuating damages being collected. The Debtor also cites the title of Exhibit "D1" as evidence that the Creditors regarded the clause as being a penalty. The Creditors had referred to "penalty assessments" and not liquidated damages.

9. The Creditors argue that the Debtor has failed to submit proof or any evidence as to the unreasonableness of the liquidated damages requested. The Creditors contend that the liquidated damages requested are sums justly due on behalf of the Debtor's mill cabinet employees. It would be extremely difficult and impractical, the Creditors state, to fix the actual expenses and damages. The Creditors also rebut the Debtor's contention that merely because Exhibit "D1" refers to the liquidated damages clause as a "penalty assessment" it is void. The Creditors cite *United States v. Bethlehem Steel Co.,* 205 U.S. 105, 120, 27 S.Ct. 450, 455, 51 L.Ed. 731 (1907) as support for the proposition that the use of the terms "liquidated damages" or "penalty assessment" are not conclusive in determining whether the clause is void.

10. The Debtor's Memorandum does not discuss the issue of the Creditors' request for $74.00 in court costs and expenses. The Creditors argue that, pursuant to the terms of its collective bargaining agreement, the Debtor was required to submit monthly reports. Because the Debtor did not submit these reports, the Creditors were required to take appropriate legal action. The Creditors conducted a Rule 205 Examination and issued Subpoenas in order to obtain information which should have been submitted by the Debtor in its monthly reports. Costs of $74.00 were incurred by the Creditor for which they seek reimbursement from the Debtor.

11. Wherever these Findings of Fact are Conclusions or Law, they are hereafter incorporated as such.

## CONCLUSIONS OF LAW

1. This Court must decide 1) whether the "liquidated damages" clause in the collective bargaining agreement is void as a penalty; and 2) whether the expenses incurred by Joseph Kinoshita, attorney for

the Creditors, were actual and necessary to the preservation of the Debtor's estate.

2. This Court, in discussing the parameters of a liquidated damages clause, has stated in *In Re Oahu Cabinets, Ltd.:*

> The general rule is that a provision for damages will be enforceable as a liquidated damages provision where 1) the anticipated damages in the event of breach of contract are difficult to ascertain, 2) the parties mutually intend to liquidate the amount of damages in advance, and 3) the amount stated as liquidated damages is reasonable and proportionate to the presumed injury which occurs as a result of any breach. The provision will not be enforced, however, where it is found to be a penalty designed to secure performance of the contract. Whether it is a substitute for performance or a penalty depends on the facts of each case and is a question of law. (Citations omitted).

12 B.R. 160, 165 (Bkrtcy.1981).

3. In *In Re Oahu Cabinets, Ltd.,* this Court struck down the "liquidated damages" provision in the lease as a penalty. The Court found that the clause reading "plus a dollar amount equivalent to the higher of 4¢ per dollar owed or $5.00 per billing rendered [whichever is greater]" was an effort to extract a penalty for late payment. 12 B.R. at 165.

Moreover, in *In re Holiday Mart, Inc.,* this Court held that the five percent late charge on delinquent payments was void as a penalty because it was not a reasonable pre-estimate of the higher handling costs likely to result from a single late payment. 9 B.R. 99, 108 (Bkrtcy.1981). The Court distinguished the case of *In re Max Sung Hi Lim,* 12 B.R. 821 (Bkrtcy.D.Haw.1980), which upheld a two percent late charge. The Court stated that in *In re Holiday Mart* the purported liquidated damage rate was two and one-half times the rate in *Max Sung Hi Lim,* and it was applied to a base amount that was double that in *Max Sung Hi Lim.* 9 B.R. at 108.

■ In the instant case, this Court finds that the purported "liquidated damages" provision in the collective bargaining agreement is an unreasonable pre-estimate of the damages resulting from a late payment by the Debtor. The anticipated damages from the Debtor's breach would be the cost of handling the delinquent payment, which would be a fixed amount, varying only slightly from month to month. The clause in the present agreement of 10% of the employee contribution benefits or $20.00, whichever is greater, will, however, conceivably result in damage awards fluctuating widely from one month to the next depending on the amount of employee contribution benefits. The liquidated damages provision is therefore disproportionate to the presumed injury which occurs as a result of the breach.

Furthermore, in light of *In re Oahu Cabinets, Ltd., supra,* and *In re Holiday Mart, supra,* the clause providing for 10% or $20.00, whichever is greater, functions as a penalty designed to secure performance of the contract instead of providing compensation for any resulting injury. This Court therefore concludes that the "liquidated damages" clause is void as a penalty.

■ 5. The Court also concludes that pursuant to 11 U.S.C. § 503(b)(1)(A) the Debtor shall pay the $74.00 court expenses incurred by Joseph Kinoshita, attorney for the Creditors. By the terms of the collective bargaining agreement, the Debtor had agreed to pay all court and collection costs incurred by the Creditors if it became necessary for the Creditors to take legal action to enforce the terms of that agreement. Furthermore, these costs were actual and necessary to the preservation of the estate.

### ORDER

Pursuant to HRS § 490:2–718(1) and 11 U.S.C. § 503(b)(1)(A) this Court holds that 1) the "liquidated damages" clause is void as a penalty and therefore the Debtor shall not have to pay the $249.41 demanded by the Creditors; and 2) the Debtor shall pay the legal expenses of $74.00 incurred by Joseph Kinoshita, attorney for the Creditors, since such a payment is necessary for the preservation of the estate.